# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>v.<br><br>GLEN RICARDO HERNANDEZ-RIVERA,<br><br>　　　Defendant. | Case No. 2:14-cr-00082-LDG (GWF)<br>Case No. 2:16-cv-01470-LDG<br><br>**ORDER** |

　　　The defendant, Glen Ricardo Hernandez-Rivera, has filed an abridged motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (#31). Counsel for the defendant has subsequently moved to withdraw (#32). The Court will grant counsel's motion to withdraw, and will dismiss defendant's §2255 motion.

　　　Pursuant to the District of Nevada's First Amended General Order 2015-03, entered April 27, 2016, the Office of the Federal Public Defender for the District of Nevada was appointed to represent certain defendants identified by the United States Sentencing Commission for the limited purpose of determining whether each identified defendant might

qualify for relief pursuant to 28 U.S.C. §2255 in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). In addition, First Amended General Order 2015-03 permitted the Federal Public Defender to file an abridged §2255 motion prior to June 26, 2016, to preserve a defendant's ability to pursue §2255 relief in light of *Johnson,* and to then file a supplemental motion no later than December 26, 2016, fully briefing the issues.

The Armed Career Criminal Act defined "violent felony" to include, *inter alia*, any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." This language has come to be known as the residual clause. In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S.Ct. at 2563.

The U.S.S.C. identified, as defendants who might qualify for §2255 relief in light of *Johnson,* those defendants sentenced pursuant to §2L1.2 even though that guideline does not rely on or refer to the ACCA's residual clause. Rather, pursuant to §2L1.2(b)(1)(C), a defendant's base offense level is increased by 8 levels if the defendant had previously been deported after having been convicted of an aggravated felony. Application Note 3(A) indicated that the meaning of "aggravated felony" had the same meaning as given in 8 U.S.C. §1101(a)(43). Pursuant to §1101(a)(43)(F), aggravated felony was defined to include, *inter alia*, crimes of violence as defined in 18 U.S.C. §16. As relevant to this matter, §16(b) defined "crime of violence" to include "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." In *Dimaya v. Lynch,* 803 F.3d 1110 (9th Cir. 2015), the Ninth Circuit held that §16(b)'s definition of crime of violence was, in light of *Johnson*, unconstitutionally vague. As such, though §2L1.2 does not rely on or refer to the ACCA's residual clause, it does rely upon 18 U.S.C. §16(b), which the Ninth Circuit has held to be unconstitutional in light of *Johnson*.

The U.S.S.C. identified the defendant as having had his advisory guideline sentencing range calculated pursuant to §2L1.2, and the Federal Public Defender was thus appointed to represent the defendant pursuant to the First Amended General Order 2015-03.  On June 22, 2016, the Federal Public Defender filed an abridged motion for §2255 relief on behalf of the defendant.

In moving to withdraw, the Federal Public Defender indicates that the abridged motion was filed following an initial review of the defendant's file.  The Federal Public Defender indicates, however, that counsel subsequently discovered additional information and in light of that information, has moved to withdraw.

A review of the defendant's file indicates that he was sentenced pursuant to §2L1.2.  As such, appointment of the Federal Public Defender was appropriate.  In calculating the defendant's sentence, the Court increased his base offense level by 8 levels pursuant to 2L1.2(b)(1)(C), after having determined that the defendant was deported after an aggravated felony conviction.  Thus, the filing of an abridged §2255 motion was appropriate.

Further review of the file and records indicates, however, that the Court determined that the defendant had a felony conviction for buying, receiving, or withholding stolen property, as well as a felony conviction for possession of a stolen vehicle.  The Court determined that each of these convictions was an aggravated felony pursuant to 8 U.S.C. §1101(43)(G), which identifies theft offenses (including receipt of stolen property) as aggravated felonies.  The Supreme Court's holding in *Johnson* is not relevant to whether either of the defendant's convictions qualify as aggravated felonies.  As such, the files and records of this case conclusively show that the defendant is not entitled to §2255 relief in light of *Johnson.*  Accordingly, counsel's motion to withdraw in light of counsel's additional review of the record is appropriate.

Therefore, for good cause shown,

1  THE COURT **ORDERS** that Counsel's Motion to Withdraw (#32) is GRANTED;

2  THE COURT FURTHER **ORDERS** that Defendant's Abridged Motion to Vacate, Set
3  Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (#31) is DISMISSED.

5  DATED this ___ day of August, 2016.

   _____
   Lloyd D. George
   United States District Judge